**RICHARD D. WILLIAMS (SBN 58640)**
rwilliams@williamslawfirmpc.com
**MINA HAKAKIAN (SBN 237666)**
mhakakian@williamslawfirmpc.com
**WILLIAMS LAW FIRM PC**
1539 Westwood Blvd., Second Floor
Los Angeles, California 90024
Tel.: (310) 982-2733; Fax: (310) 277-5952

Attorneys for Plaintiff,
**NOVEON SURGERY CENTER, INC.**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| **NOVEON SURGERY CENTER, INC.,** a California Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> **UNITED HEALTH GROUP, INC.; UNITED HEALTHCARE SERVICES, INC.; UNITED HEALTHCARE INSURANCE COMPANY,** and **DOES 1 THROUGH 100,** <br><br> Defendants. | Case No.: 2:22-cv-1903 <br><br> **COMPLAINT FOR RECOVERY OF BENEFITS UNDER 29 U.S.C. § 1132 (A)(1)(B) AND REASONABLE ATTORNEY'S FEES AND COSTS UNDER 29 U.S.C. § 1132 (G)(1)** |

Plaintiff, Noveon Surgery Center, Inc. ("Noveon" or "Plaintiff"") alleges as follows:

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the action arises under the laws of the United States, and pursuant to 29 U.S.C. § 1132 (e)(1) because the action seeks to enforce rights under the Employee Retirement Income Security Act ("ERISA").

2. This Court is the proper venue for the action pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this Judicial District, and pursuant to 29 U.S.C. § 1132 (e)(2) because Defendants conduct a substantial amount of business in this Judicial District.

## II. THE PARTIES

   a. **The Plaintiff**

3. Noveon is a California corporation doing business in the County of Los Angeles, State of California. Noveon was incorporated in the State of California in April 2015.

4. Noveon operated as a physician-owned Outpatient Ambulatory Surgery Center (the "Facility") until 2021 when it closed its active operations. Physician owned Ambulatory Surgery centers are regulated by the Medical Board of California as an "Outpatient Setting". Noveon was accredited and certified by the Joint Commission as of November 21, 2015.

5. The surgery center facility operated by Noveon at 5620 Wilbur Ave, Tarzana, CA 91356 maintained state of the art medical technology devises and other high-quality equipment necessary to carry out specialized surgical procedures for

medical patients. The types of procedures performed at Noveon's Facility included foot and ankle surgery, back surgery, epidural injections, ear, nose and throat surgery, septoplasty and related nasal surgeries, colonoscopies, gastrointestinal surgery, and general surgery. Prior to closing its active operations in 2021, Noveon provided facility usage and related surgical services on behalf of a wide variety of individual patients, many of whom were insured under the terms of group health insurance plans that are governed by ERISA.

### b. **The Defendant**

6. Plaintiff is informed and believes Defendants United Health Group, Inc., Untied Healthcare Services, Inc., and United Healthcare Insurance Company (hereinafter jointly "United" and/or "United Defendants") collectively constitute one of the largest health insurance entities in the United States.

7. Plaintiff is informed and believes that Defendant United Health Group, Inc. ("UnitedHealth"), is a Minnesota corporation with its corporate headquarters located in Minneapolis, Minnesota, and this entity acts as the corporate parent/umbrella entity for numerous other entities in California and other states. UnitedHealth is one of the largest health carriers in the United States.

8. Plaintiff is informed and believes that Defendant United Healthcare Services, Inc. ("United Healthcare") is a Minnesota corporation with its corporate headquarters located in Minneapolis, Minnesota, and that this entity acts as an insurance operating entity within the United family of companies. Plaintiff is informed and believes that this entity is licensed to conduct, and odes conduct, insurance operations in California and other states, whether it be under the name United Healthcare or some other operating name. Plaintiff is informed and believes that United Healthcare is wholly owned by UnitedHealth and serves as UnitedHealth's operating division.

9. Plaintiff is informed and believes that Defendant United Healthcare Insurance Company ("UHC") is a Minnesota corporation with its corporate headquarters in Minneapolis, Minnesota, and that this entity acts as an insurance underwriting entity within the United family companies. Plaintiff is informed and believes that this entity is licensed to conduct, and does conduct, insurance underwriting in California and other states, whether it be under the name United Healthcare or some other insurance underwriting entity name.

10. Plaintiff is informed and believes that United provides multiple services and functions in the realm of health insurance including: (1) underwriting its own health insurance plans for individuals and families; (2) providing services as an administrator of ERISA health insurance plans on behalf of employers and other entities (hereafter referred to as "ERISA Plans" or a "Plan" or "Plans"); and (3) serving as the insurance underwriter of ERISA Plans which offer health insurance benefits to employees and/or members and their families. Noveon is informed and believes that in each an of these functions and capacities United acted as the entity with discretion and actual control to administer, decide and pay healthcare benefit claims from insured members and healthcare service providers based on Unites' own coverage determination guidelines and United's own claims handling policies and procedures.

11. Noveon is informed and believes that United performs its claims handling services for a multitude of ERISA Plans, some of which are self-funded, and some of which are funded by United acting in its capacity as the insurance underwriter for the Plan. Whether the Plan is self-funded or fully insured, plaintiff is informed and believes that United provides plan members with plan documents, interprets and applies the plan terms, makes coverage and benefits determination, handles the appeals of coverage and benefits decisions, and makes payment to Medical Providers

for services rendered.

12.  Noveon is informed and believes that it is United's responsibility as the claims administrator for each of all of the ERISA Plans involved in this case (14 Plans in total) to decide which healthcare benefits claims will be paid under the Plan; and which benefits claims will not be paid - - and thereafter to pay benefits to claimants such Noveon directly out of ERISA Plans assets that are within United's unfettered control in the ordinary course of business.  In simple terms, Noveon alleges on information and belief that it was United, and not the ERISA plans themselves, that had the responsibility and actual control to make benefits determinations for the healthcare services claims of Noveon that give rise to this benefits recovery action.

13.  The patients for whom surgical services were provided by Noveon in this case are designated by initials herein as Patients PA-RE, JA-IN, GR-NE, NI-CA, GR-NI, BR-TO, MC-PA, JO-BE, MA-LO, LA-MA, JO-HY, EF-VE, GL-CH, JO-WR, BR-RO and BL-MO (collectively the "Patients") for privacy.  A summary listing of the Patients, with amounts billed and partially paid by United is attached hereto as Exhibit A[1] with the patient names and identifiers redacted for privacy.

14.  Each of the Patients was or is a member or beneficiary of an ERISA Plan which has either been administered and/or underwritten by United.  The Patients and their participating plans are as follows:

   A. PATIENT PA-RE - - Stein Mart

   B. PATIENT JA-IN - - Reed Elsevier

   C. PATIENT GR-NE - - Viacom

---

[1]  The names and any identifying information about the insured patients are not set forth in this Complaint in order to preserve and protect the patient privacy.  Plaintiff will make the identifying information available to Defendants pursuant to an appropriate protective order, and will request that patient information also be subject to appropriate protection during the course of the litigation proceeding in this Court.

  D. PATIENT NI-CA - - Apple Inc.

  E. PATIENT GR-NI - - Anschultz Entertainment Group

  F. PATIENT BR-TO - - 2ADrop US Group

  G. PATEITN MC-PA - - Shire

  H. PATEINT JO-BE - - Red Robin International Inc.

  I. PATIENT MA-LO - - Dimensions

  J. PATEINT LA-MA - - JP Morgan Chase

  K. PATIENT JO-HY - - Grace Church and Schools

  L. PATIENT EF-VE - - Shire

  M. PATIENT GL-CH - - Apple

  N. PATIENT JO-WR - - Baytheon

  O. PATIENT BR-RO - - Nestle

  P. Patient BL-MO - - Alera Group

15. In each claim circumstance prior to receiving services at Noveon each patient signed an agreement assigning his or her ERISA Plan rights and benefits to Noveon in its entirety. Each such assignment of benefits provided for Noveon to be paid directly for the services provided to the patient, and Noveon has received a written assignment of benefits in connection with every outstanding benefit claim event at issue in this action. An exemplar of the form of assignment document utilized by Noveon in connection with the claims as issue in this case is attached hereto as Exhibit B.

16. Noveon does not bring this suit against the ERISA plans for whom United acted as administer or insurer in connection with Noveon's claims in this action. Plaintiff is informed and believes that United, and not the ERISA plans themselves, exercised actual control over the determination and payment of the benefits claims submitted by Noveon. Plaintiff is informed and believes that United

acts as the primary point of contact for members and providers to communicate regarding all aspects of benefits and benefit determination. Plaintiff is informed and believes that United is the responsible party for administering and interpreting the ERISA Plans at issue in this case and is the one solely responsible for the underpayments of the benefits and therefore the proper Defendants in the case.

### c. The Doe Defendants

17. The true names and capacities of the Defendants sued herein as DOES are unknown to Plaintiff at this time, and Plaintiff therefore sues such Defendants by fictitious names. Plaintiff is informed and believes that the DOES are those individuals, corporations and/or businesses or other entities that are also in some fashion legally responsible for the actions, events and circumstances complained of herein, and may be financially responsible to Plaintiff for services, as alleged herein. The Complaint will be amended to allege the DOES' true status and capacities when they have been ascertained.

## III. CORE FACTS UNDERLYING THE NOVEON CLAIMS FOR PAYMENT

18. Noveon provided healthcare services at is surgery center in Tarzana, California from November 2017 to August 2020 on numerous occasions for the ERISA Plan members and their dependents where the subject ERIA Plan was either administered and/or underwritten by United. For some Plan members and dependents Noveon has provided healthcare services on more than one occasions. In total, Noveon has performed twenty (20) healthcare services events for sixteen (16) Plan members and/or dependents which are the subject of this lawsuit as identified in Exhibit A.

19. When Plan members and/or their dependents came to Noveon for medical services they would present medical insurance cards in the name of United,

and the relevant insurance contact information on each medical insurance card would direct Noveon to United office location and telephone number. The ID card presented by the members also identified the Plan and designated United either as the administrator and/or the underwriter of the Plan. A true and correct copy of an exemplar patient insurance card is attached hereto as Exhibit C.

20.  For each claim event at issue in this case, Noveon's custom and practice was to contact United by telephone for benefit eligibility confirmation and member coverage verification prior to performing any healthcare services.  The regular practice was that Noveon and United would discuss the proposed surgery event by telephone in advance of the services being performed, and an in each such telephone communication the United representative advised Noveon that coverage existed for the patient and that benefits were properly payable to Noveon as an out-of-network provider.  The following sets forth in summary form the substance of the telephonic communications between Noveon and United which occurred prior to services being performed in connection with the claims that are the subject of this lawsuit:

(a) For each claim event, Noveon would call United's number identified on the member identification card presented by the patient.

(b) The answering party would identify himself or herself as a representative of United, thereby confirming to Noveon that the communication was with an authorized claims administrator and/or underwriter for the ERISA Plan.

(c) In each claim call, the Noveon representative advised the United representative of the identify of the Plan member or dependent; the CPT[2]

---

[2]  CPT Code is the medical procedure descriptive identifier - - CPT means "Current Procedural Terminology". The CPT Code is a medical code maintained by the American Medical Association through the CPT Editorial Panel. The CPT codes set describes medical, surgical, and diagnostic services and is designed to communicate uniform information about medical services and procedures among physicians, coders,

       code for the surgical procedure to be performed and that the purpose of the call was to verify the existence of coverage for the patient and the eligibility of Noveon for payment of benefits as an out-of-network provider.

(d) The United representative responded by advising Noveon about the percentage of out-of-network billing covered under the Plan; the amount of patient deductible; and whether benefits would in fact be payable to Noveon based on the CPT code provided. The United representative also advised Noveon whether specific pre-authorization for the proposed surgical procedure was required.

21. In each telephone verification call Noveon inquired as to the percentage of coverage for an Out-of-Network provider, the deductible and the out-of-pocket maximum for the Plan. Below is a summary of the percentage of coverage verified for each procedure by the United representative in the verification calls prior to the services being performed:

    A. PATIENT PA-RE
        a. DOS: 11/21/2017 ~ 60%
        b. DOS: 7/18/2018 ~ 110% Medicare
    B. PATIENT JA-IN - - 80% Reasonable and Customary
    C. PATIENT GR-NE - - 70% Reasonable and Customary
    D. PATIENT NI-CA - - 80% Reasonable and Customary
    E. PATIENT GR-NI - - 80% Reasonable and Customary
    F. PATIENT BR-TO - - 110% Max Non-Net Reb Program
    G. PATEITN MC-PA - - 70% Reasonable and Customary

---

patients accreditation organizations, and payors for administrative, financial, and analytical purposes.

      H. PATEINT JO-BE - - 140% MNRP

      I. PATIENT MA-LO - - 95% Reasonable and Customary

      J. PATEINT LA-MA - - 90% Reasonable and Customary

      K. PATIENT JO-HY - - 110% MNRP

      L. PATIENT EF-VE - - 80% Reasonable and Customary

      M. PATIENT GL-CH - - 80% Reasonable and Customary

      N. PATIENT JO-WR - - 80% Reasonable and Customary

      O. PATIENT BR-RO - - 80% Reasonable and Customary

      P. Patient BL-MO

          a. DOS 6/10/2020 ~ 60% of Usual and Customary

          b. DOS 7/23/2020 ~ 60%

          c. DOES 8/27/2020

An exemplar copy of Noveon's verification is attached hereto as Exhibit D.

22. In In each telephone verification call Noveon also inquired as to the whether a pre-authorization was required. In cases where Novoen was advised that pre-authorization was required, Noveon received pre-authorization prior to performing the services. Below is a summary listing of the patients where pre-authorizations were obtained by Noveon:

      A. PATIENT PA-RE for DOS: 5/24/2018

      B. PATIENT NI-CA

      C. PATIENT BR-TO

      D. PATEINT JO-BE

      E. PATIENT MA-LO

      F. PATEINT LA-MA

      G. PATIENT JO-HY

      H. PATIENT EF-VE

I. PATIENT GL-CH

23. Noveon relied and reasonably relied on the United telephonic representations with respect to Patients at issue in this case by providing surgery services to in response to the United affirmation that Noveon was eligible to receive benefits. But for the advance representations of the United representatives in setting out the eligibility for benefits and the applicable payment methodology, Noveon would not have provided or continued to provide surgery services to the Patients.

IV. **NOVEON'S BILLINGS SUBMITTED TO UNITED PROVIDED ALL NECESSARY INFORMATION TO SUPPORT CLAIM PAYMENT**

24. After the United representative had verified that the specified treatment was covered and that Noveon was eligible for payment of ERISA Plan benefits, Noveon provided facility services for the surgery events for which verification was obtained.

25. In connection with each of the claims where services were provided, Noveon has billed United for services rendered to ERISA Plan members and their dependents. The Noveon billings were submitted on a standard UB04 form which identified the provider name, address, patient name, patient address, sex and ID number, the date of service, CPT Code and the nature of the services rendered. Each of Plaintiff's claim billing forms set forth all requisite information in standard terminology with sufficient detail to enable United to consider and pay the claim in the ordinary course of business. On each billing form submitted by Noveon, Noveon also marked a "Y" in box 53, which affirmed that Noveon was asserting its claim for payment pursuant to a patient assignment of benefits. An exemplar of the claim form submitted with the patient's name and identifier redacted for privacy is attached hereto as Exhibit E.

26. The charges for healthcare services submitted by Noveon to United were

in all instances usual, customary and reasonable and in accord with Noveon's charges to patients other than ERISA Plan members and dependents and/or to non-Medicare patients insured by entities other than the subject plans in this case. Noveon's charges for services submitted to United were also in accord with the charges of other medical service providers in the community who provided healthcare services comparable to those provided by Noveon. United has abused its discretion and acted in an arbitrary and capricious manner by failing and refusing to honor and pay Noveon's claims in accordance with ERISA requirements, practices and provisions and Noveon has suffered resulting damages in an amount to be proven at trial.

27. In connection with every claim forms submitted, Noveon has received an Explanation of Benefits ("EOB") from United and in each instance, Noveon has received partial payments from United for the services rendered in this action. An exemplar of the EOB received by Noveon from Noveon is attached hereto as Exhibit F.

## V. NOVEON HAS STANDING TO PURSUE CLAIMS AGAINST UNITED UNDER ERISA FOR PAYMENT OF BENEFITS AND ATTORNEY'S FEES

28. ERISA governs all aspects of health and medical benefits under ERISA plans, and authorizes a civil action to recover unpaid benefits and attorney's fees. Noveon has standing to bring this lawsuit arising from its Assignments from patients.

29. United in this action is the proper party defendant for an ERISA benefits recovery action. *See, Harris Trust & Sav. Bank v. Salomon, Smith Barney, Inc.,* 530 U.S. 238, 247 (2000); *Cyr v. Reliance Standard Life Ins. Co.,* 647 F.3d 1202 (9th Cir. 2011).

## VI. NOVEON HAS EXHAUSTED ALL ADMINSTRATIVE REMEDIES

30. For the claim events in this action, United provided EOB documents

which purported to explain the payment reductions applied with respect to Noveon billing submittals. The EOBs set forth groundings for United's claim payment reductions. However, the EOBs were woefully deficient in their explanation of the purported grounding for the reduction and/or non-payment of Noveon's bills. The groundings did not provide any explanation or basis for reduction at all. The EOBs did not constitute a final determination with respect to the payment of Noveon's bills.

31. Noveon has appealed many of the billing reductions asserted in connection with the claims in this case. However, and irrespective of the appeals being submitted, United in their EOBs has violated the applicable claims procedure regulations governing ERISA plans as set forth in 29 C.F.R. section 2560.503-1 (b). Of particular significance in this case are the regulations dealing with "Manner and Content of Notification of Benefit Determination" set forth in 29 C.F.R. section 2560.503-1 (g)(1). That section requires that the plan administrator shall provide a claimant with a written or electronic notification of any adverse benefit determination. The regulations require the following:

> "The notification shall set forth, in a manner calculated to be understood by the claimant - -
> 
> i. The specific reason or reasons for the adverse determination;
> ii. Reference to the specific plan provisions on which the determination is based;
> iii. A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary;
> iv. A description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the

Act following an adverse benefit determination on review."

32. These notification requirements were not met by the EOBs in the present action, and the regulations are specific about the consequence of a failure by United to comply with notification requirements in its EOBs. 29 C.F.R. section 2560.503-1(l) provides:

> "(l) <u>Failure to establish and follow reasonable claims procedures:</u>
> In the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim."

33. Noveon is deemed by law to have exhausted administrative remedies because United failed to establish and follow reasonable claims procedures as required by ERISA. United failed to process claims submitted by the Plaintiff in a manner consistent or substantially in compliance with ERISA regulation 29 C.F.R. section 2560.503-1. Among other things, United:

- Failed to set out the specific reason for nonpayment/underpayment of Plaintiff's claims in its responses transmitted to Plaintiff during the administrative review process;
- Failed to reference the specific Plan provisions upon which its nonpayment/underpayment determinations were based;
- Failed to give a description of additional materials or information which was needed to pursue and perfect the claims, and an explanation of why such information was necessary;
- Failed to provide Plan documents, or internal rules, guidance, protocols,

or other criteria upon which the nonpayment/underpayment determinations were based;

- Failed to state the nonpayment/underpayment determinations in a manner calculated to be understood by Plaintiff;
- Failed to provide a reasonable opportunity for full and fair review of the nonpayment/underpayment determinations;
- Employed policies designed to unduly hamper the review and appeal of claims submitted by Plaintiff;
- Acted systematically in a manner which rendered the administrative appeal process a futile and meaningless endeavor.

## VII. UNITED HAS WAIVED AND/OR ESTOPPED FROM ASSERTING ANY "ANTI-ASSIGNMENT" CLAUSES CONTAINED IN THE PATIENTS' HEALTHCARE PLANS

34. Under federal ERISA law, a healthcare plan and its claim administrators are subject to well settled rules where benefits are to be denied with respect to claims of a healthcare provider.

35. When making a claim determination under ERISA, "an administrator may not hold in reserve a known or reasonably knowable reason for denying a claim, and give that reason for the first time when the claimant challenges a benefits denial in court." *Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.*, 770 F.3d 1282, 1296 (9th Cir. 2014) ("*Spinedex*"); *Harlick v. Blue Shield of Cal.*, 686 F.3d 699, 719 (9th Cir. 2012) ("*Harlick*"). ("A Plan administrator may not fail to give a reason for a benefits denial during the administrative process and then raise that reason for the first time when the denial is challenged in federal court[.]")

36. Anti-assignment clauses in ERISA health plans are valid and enforceable." *Spinedex*, 770 F.3d at 1296 (citation omitted). However, a plan

administrator can waive the right to enforce an anti-assignment provision. *See id.* at 1296-97 (acknowledging the right to assert waiver, but concluding on the specific facts of *Spinedex* that the defendant-claims administrator was not required to raise the anti-assignment provision during the administrative claim process because "there [wa]s no evidence that [the claims administrator] was aware, or should have been aware, during the administrative process that [the plaintiff-medical provider] was acting as its patient's assignee").

37. Waiver is "the intentional relinquishment of a known right." *Gordon v. Deloitte & Touche LLP Grp. Long Term Disability Plan*, 749 F.3d 746, 752 (9th Cir. 2014) (citing *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1559 (9th Cir. 1991) (Waiver occurs when "a party intentionally relinquishes a right, or when that party's acts are so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished.")). To show that a claims administrator waived an anti-assignment provision that would otherwise foreclose the healthcare services provider from having statutory standing in an ERISA action, the provider must plead sufficient facts to show that the plan administrator "was aware or should have been aware, during the administrative [claim] process that [the provider] was acting as its patients' assignee." *See Spinedex*, 770 F.3d at 1297. Noveon has pleaded waiver facts in this action. Each billing form included an "X" which notified the claims administrator that the claims was being pursued by way of an assignment in the "ASG BEN." box. Moreover, the claims administrator in each claim paid a part of the claim submitted by Noveon. United has waived any purported anti-assignment clause in any of the ERISA Plans and United is estopped from asserting any such clause.

38. United is estopped from asserting anti-assignment by the fact that it represented that Noveon was eligible to receive plan benefits. *See Beverly Oaks*

*Physicians Surgery Center, LLC v. Blue Cross and Blue Shield of Illinois,* 983 F. 3d 435 (9th Cir. 2020) ("*Beverly Oaks*"). A promise that Noveon was eligible to receive plan benefits as an out-of-network healthcare provider is sufficient to estop United from asserting a plan anti-assignment clause in this case. In fact, United partially paid "be it underpaid" all of Noveon's claims and never raised or mentioned an "anti-assignment" clause during the administrative process of these claims.

## FIRST COUNT

### (Against United Defendants)

### Enforcement Under 29 U.S.C. Section 1132 (a)(1)(B) For Failure To Pay ERISA Plan Benefits And For Recovery Of Reasonable Attorney's Fees And Costs Under 29 U.S.C. Section 1132 (G)(1)

39.   The allegations of the prior paragraphs (paragraphs 1 to 38) of this Complaint are hereby incorporated by reference in this First Count as if fully set forth at length.

40.   This cause of action is alleged by Plaintiff for relief in connection with claims for medical services rendered in connection with ERISA Plans administered and/or underwritten by United.

41.   Noveon seeks to recover ERISA Plan benefits and enforce rights to benefits payment under 29 U.S.C. section 1132 (a)(1)(B); and under 29 U.S.C. section 1132 (g)(1) for recovery of reasonable attorney's fees and costs. Noveon has standing to pursue these claims as the assignee of member benefits. As the assignee of benefits, Plaintiff is a "beneficiary" entitled to collect benefits and is the "claimant" for the purposes of the ERISA statute and regulations. ERISA authorizes actions under 29 U.S.C. section 1132 (a)(1)(B) to be brought directly against United Defendants as the parties with actual control over the benefit and payment determinations with respect to Noveon's claims.

42. By reason of the foregoing, Noveon is entitled to recover ERISA benefits for the services rendered to patients identified in Exhibit A due and owing in an amount to be proven at trial, and Noveon seeks recovery of such benefits by way of the present action. Below is a summary of the listing of the services provided for the individual patients identified by the CPT Codes and Noveon seeks recovery of the amounts due for the services provided:

  A. PATIENT PA-RE
     a. DOS: 11/21/2017 ~ 28296; 28260; 28043
     b. DOS: 5/24/2018 ~ 28296:LT; 28260
     c. DOS: 7/18/2018 ~ 30465; 31255:50; 31267:50; 31276:50; 31288:50; 30520; 30140:50; 20912; 61782
  B. PATIENT JA-IN - - 30465; 31255:50; 31267:50; 31276:50; 31288:50; 30520; 30140:50; 20912; 61782
  C. PATIENT GR-NE - - 30465; 31255:50; 31267:50; 31276:50; 31288:50; 30520; 30140:50; 20912; 61782
  D. PATIENT NI-CA - - 30465; 31255:50; 31267:50; 31276:50; 31288:50; 30520; 30140:50; 20912; 61782
  E. PATIENT GR-NI - - 30465; 31255:50; 31267:50; 31276:50; 31288:50; 30520; 30140:50; 20912; 61782
  F. PATIENT BR-TO - - 31276:50; 31267:50; 30140:50; 61782
  G. PATEITN MC-PA - - 30465; 31255:50; 31267:50; 31276:50; 31288:50; 30520; 30140:50; 20912; 61782
  H. PATEINT JO-BE - - 30465; 31255:50; 31267:50; 31276:50; 31288:50; 30520; 30140:50; 20912; 61782
  I. PATIENT MA-LO - - 30465; 31254:50; 31267:50; 31276:50; 31288:50; 30520; 30140:50; 31240; 20912

J.  PATEINT LA-MA - - 30465; 31255:50; 31267:50; 31276:50; 31288:50; 30520; 30140:50; 20912; 61782

K. PATIENT JO-HY - - 30465; 31255:50; 31267:50; 31276:50; 31288:50; 30520; 30140:50; 20912; 61782

L. PATIENT EF-VE - - 30465; 42145; 31255;50; 31267;50; 31276:50; 31288:50; 30520; 30140:50; 20912; 61782

M. PATIENT GL-CH - - 30465:50; 30520; 30140:50; 20912

N. PATIENT JO-WR - - 30465:50; 30520; 30140:50; 20912

O. PATIENT BR-RO - - 30465; 31255:50; 31267:50; 31276:50; 31288:50; 30520; 30140:50; 20912; 61782

P.  Patient BL-MO - -
   a. DOS 6/10/2020 ~ 30465:50; 30520; 30140:50; 30117:50; 20912
   b. DOS 7/23/2020 ~ 64483:50; 64490:50; 64491:50; 64492:50: 27096:50
   c. DOES 8/27/2020 ~ 29870; 0232T

43.     29 U.S.C. section 1132 (g)(1) authorizes the Court to allow recovery of reasonably attorney's fees and costs incurred in this action.  Noveon has incurred, and continues to incur, attorney's fees and costs in its pursuit of benefits, and is entitled to recover its reasonable attorney's fees and costs in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment against United Defendants as follows:

1. For damages against United Defendants in an amount to be proven at trial in connection with the healthcare benefits claim properly due and payable with respect to the services rendered to the Patients identified in Exhibit A hereto under the terms of the ERISA Plans at issue in this case.

2. For interest at the applicable legal rate.

3. For reasonable attorney's fees and costs in an amount to be proven at trial.

For such other relief as the Court may deem just and proper.

**Dated:** March 23, 2022

Respectfully submitted,

**WILLIAMS LAW FIRM PC**

By:   /s/ Richard D. Williams

Richard D. Williams,
Attorneys for Noveon Surgery Center, Inc.

– 20 –
**COMPLAINT FOR RECOVERY OF BENEFITS UNDER 29 U.S.C. § 1132 (A)(1)(B) AND REASONABLE ATTORNEY'S FEES AND COSTS UNDER 29 U.S.C. § 1132 (G)(1)**